# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Raymundo S.M., | Civil No. 26-846 (DWF/ECW) |
| Petitioner, | |
| v. | MEMORANDUM OPINION AND ORDER |
| Pamela Bondi, *Attorney General*; Kristi Noem, *Secretary, U.S. Department of Homeland Security*; Todd M. Lyons, *Acting Director of Immigration and Customs Enforcement*; and David Easterwood, *Acting Director, St. Paul Field Office, Immigration and Customs Enforcement*, | |
| Respondents. | |

## INTRODUCTION

This matter is before the Court on Petitioner Raymundo S.M.'s petition for a writ of habeas corpus (the "Petition"). (Doc. No. 1.) Respondents filed a response seeking dismissal or transfer. (Doc. No. 4.) For the reasons set forth below, the Court denies the motion to dismiss or transfer, and orders supplemental response and reply briefing on the Petition.

## BACKGROUND

Petitioner is a citizen of Mexico and a resident of Minneapolis, Minnesota. (Doc. No. 1 ¶¶ 7, 12.) He has lived in the United States since entering without inspection in 2015. (*Id.* ¶¶ 12-13.)

On the evening of January 28, 2026, Petitioner was arrested by U.S. Immigration and Customs Enforcement ("ICE") in the parking lot outside of his home. (*Id.* ¶ 14.) ICE did not have a warrant for this arrest. (*Id.*) He was first detained at the Whipple Federal Building in Minnesota. (*Id.* ¶ 7.) The next day, January 29, 2026, he was transferred to El Paso, Texas, where he remains. (Doc. No. 4 at 2.) This arrest was part of "Operation Metro Surge," an ongoing immigration-law enforcement effort in Hennepin and Ramsey Counties that has led to an unprecedented increase in federal law enforcement presence in Minnesota. (*Id.* ¶ 15; *see also Tincher v. Noem*, No. 25-cv-4669, 2026 WL 125375, at *1, 31 (D. Minn. Jan. 16, 2026), *appeal docketed*, No. 26-1105 (Jan. 20, 2026).)

Petitioner filed the Petition on January 30, 2026. (Doc. No. 1 at 15.) Petitioner asserts that his detention under 8 U.S.C. § 1225(b)(2) is unlawful because it violates the Due Process Clause of the Fifth Amendment, the Immigration and Nationality Act, and the Administrative Procedure Act. (*Id.* ¶¶ 28-44.) Petitioner requests, among other things, release from detention or an order requiring Respondents to provide him with a bond hearing under 8 U.S.C. § 1226. (*Id.* at 13-14.) Also on January 30, 2026, the Court ordered Respondents to answer the Petition by February 2, 2026, at 12:00 p.m. CT, and enjoined Respondents from moving Petitioner from this District pending further order. (Doc. No. 3.) Respondents timely filed a response asking the Court to dismiss for lack of jurisdiction, and alternatively, asserting authority to detain Petitioner under 8 U.S.C. § 1231. (Doc. No. 4.)

## DISCUSSION

I. **Motion to Dismiss or Transfer**

As a threshold matter, Respondents challenge the Court's jurisdiction over this case. (Doc. No. 4 at 2-3.) They ask the Court to either dismiss the Petition or transfer the matter to the Western District of Texas. (*Id.*) The motion to dismiss or transfer is denied.

Generally, jurisdiction over a habeas petition lies only in the district of confinement. *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004). However, "[w]hen . . . a prisoner is held in an undisclosed location by an unknown custodian, it is impossible to apply the immediate custodian and district of confinement rules." *Id.* at 450 n.18. Respondents assert that Petitioner was in Texas at the time the Petition was filed, but neither his counsel nor his family were aware of his location. (Doc. No. 5 at 6.) Indeed, Respondents have still not provided any proof of Petitioner's location to his counsel, his family, or the Court. (*See id.* at 5-6.) The Court finds that the exception applies and it has jurisdiction over the Petition.

II. **Merits of the Petition**

A district court may provide habeas relief to a person who is being detained in violation of the Constitution or laws of the United States. 28 U.S.C. § 2241(c)(3). That authority includes jurisdiction to hear habeas challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *Deng Chol A. v. Barr*, 455 F. Supp. 3d 896, 900-01 (D. Minn. 2020). The burden is on the petitioner to prove illegal detention by a preponderance of the evidence. *See Mohammed H. v. Trump*, 786 F. Supp. 3d 1149, 1154 (D. Minn. 2025).

Respondents argue that Petitioner is subject to detention under 8 U.S.C. § 1231. (Doc. No. 4 at 3.) Section 1231 provides that a noncitizen be detained following an order of removal. 8 U.S.C. § 1231(a)(2)(A). Thus, the outcome of this Petition depends on whether Petitioner is subject to a final order of removal.

The Court's information on any removal order is incomplete. Petitioner asserts that he has never before had contact with immigration officials and that he does not have a final order of removal. (Doc. No. 1 ¶ 13.) Respondents assert that Petitioner has a removal order from 2010, five years before he says he entered the country. (Doc. No. 4 at 1-2.) And Petitioner did not address that removal order or its validity in his reply. (*See* Doc. No. 5.) The Court cannot make a determination on the merits without sufficient information as to a removal order.

Respondents are ordered to file a supplemental response, including evidence of the 2010 order of removal. Petitioner will be allowed a supplemental reply.

## ORDER

Based on the foregoing and the record in this case, **IT IS HEREBY ORDERED** that:

1. Respondents' motion to dismiss or transfer (Doc. No. [4]) is **DENIED**.

2. Respondents are **ORDERED** to submit a supplement response to the Petition (Doc. No. [1]) by February 5, 2026, at 12:00 p.m. CT. This supplemental response should include documentation of any removal order.

3. If Petitioner intends to file a supplemental reply to Respondents' supplemental response, he must do so by February 6, 2026, at 12:00 p.m. CT.

Dated: February 3, 2026        s/Donovan W. Frank
                                              DONOVAN W. FRANK
                                              United States District Judge