UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Raymundo S.M., | Civil No. 26-846 (DWF/ECW) |
| Petitioner, | |
| v. | MEMORANDUM OPINION AND ORDER |
| Pamela Bondi, *Attorney General*; Kristi Noem, *Secretary, U.S. Department of Homeland Security*; Todd M. Lyons, *Acting Director of Immigration and Customs Enforcement*; and David Easterwood, *Acting Director, St. Paul Field Office, Immigration and Customs Enforcement*, | |
| Respondents. | |

## INTRODUCTION

This matter is before the Court on Petitioner Raymundo S.M.'s petition for a writ of habeas corpus (the "Petition"). (Doc. No. 1.) Respondents oppose. (Doc. Nos. 4, 8.) For the reasons set forth below, the Court denies the Petition.

## BACKGROUND

Petitioner is a citizen of Mexico and a resident of Minneapolis, Minnesota. (Doc. No. 1 ¶¶ 7, 12.) He has lived in the United States since entering without inspection in 2015. (*Id.* ¶¶ 12-13.) Before that, he was ordered removed on October 27, 2010, and removed the same day. (Doc. No. 8-1 at 3.) On the evening of January 28, 2026, Petitioner was arrested by U.S. Immigration and Customs Enforcement in the parking lot

outside of his home. (Doc. No. 1 ¶ 4.) An I-200, an administrative warrant, was issued for his arrest. (Doc. No. 8-1 at 1.)

Petitioner filed the Petition on January 30, 2026. (Doc. No. 1 at 15.) Petitioner asserts that his detention under 8 U.S.C. § 1225(b)(2) is unlawful because it violates the Due Process Clause of the Fifth Amendment, the Immigration and Nationality Act, and the Administrative Procedure Act. (*Id.* ¶¶ 28-44.) Petitioner requests, among other things, release from detention or an order requiring Respondents to provide him with a bond hearing under 8 U.S.C. § 1226. (*Id.* at 13-14.)

Also on January 30, 2026, the Court ordered Respondents to answer the Petition on or before February 2, 2026, at 12:00 p.m. CT, and enjoined Respondents from moving Petitioner from this District pending further order. (Doc. No. 3.) Respondents timely filed a response asking the Court to dismiss for lack of jurisdiction, and alternatively, asserting authority to detain Petitioner under 8 U.S.C. § 1231. (Doc. No. 4.) The Court denied the motion to dismiss and asserted jurisdiction in an order dated February 3, 2026. (Doc. No. 6 at 3.) The Court also ordered supplemental briefing, asking for evidence of any removal order. (*Id.* at 4.) Respondents provided a Form I-213, a record of deportability or inadmissibility, which noted Petitioner's 2010 removal order. (Doc. No. 8-1 at 3.) Petitioner did not file a supplemental reply.

## DISCUSSION

A district court may provide habeas relief to a person who is being detained in violation of the Constitution or laws of the United States. 28 U.S.C. § 2241(c)(3). That authority includes jurisdiction to hear habeas challenges to immigration-related detention.

*Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *Deng Chol A. v. Barr*, 455 F. Supp. 3d 896, 900-01 (D. Minn. 2020).  The burden is on the petitioner to prove illegal detention by a preponderance of the evidence.  *See Mohammed H. v. Trump*, 786 F. Supp. 3d 1149, 1154 (D. Minn. 2025).

Respondents invoke 8 U.S.C. § 1231 to justify Petitioner's detention.  (Doc. No. 4 at 3.)  Section 1231 provides that a noncitizen be detained following an order of removal.  8 U.S.C. § 1231(a)(2)(A).  A removal order is not completely dissolved upon the noncitizen's removal from the United States.  If a removed noncitizen is later discovered to have returned to the United States illegally, the prior removal order is reinstated.  *Id.* § 1231(a)(5).

The Form I-213 submitted by Respondents is sufficient proof that Petitioner is subject to a removal order.  An I-213 is generally reliable evidence of citizenship status and deportability.  *Rodriguez-Quiroz v. Lynch*, 835 F.3d 809, 821 (8th Cir. 2016) (citing *Barcenas*, 19 I. & N. Dec. 609, 611 (B.I.A. 1988)).  Petitioner did not file a reply disputing the removal order.  Therefore, the Court finds that Petitioner is subject to an order of removal.

Finally, detention under § 1231 is time-limited.  8 U.S.C. § 1231(a)(1)(A) (imposing a ninety-day removal period).  Petitioner has been in detention for nine days at present, well within the ninety-day limit.  At this time, his detention is not unlawful.  *See, e.g.*, *Goaner W. v. Sec'y of Homeland Sec.*, No. 18-cv-1811, 2019 WL 11648600, at *3 (D. Minn. May 10, 2019) (discussing the time limits imposed by § 1231).  The Court denies the Petition without prejudice.

## ORDER

Based on the foregoing and the record in this case, **IT IS HEREBY ORDERED** that Petitioner's petition for writ of habeas corpus (Doc. No. [1]) is **DENIED WITHOUT PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: February 6, 2026                    s/Donovan W. Frank
                                           DONOVAN W. FRANK
                                           United States District Judge